AMANDA N. MONTAGUE (9941)
Assistant Utah Attorney General
SEAN D. REYES (7969)
Utah Attorney General
160 East 300 South
P.O. Box 140812
Salt Lake City, Utah 84114-0856
Telephone: (801) 440-0545
E-mail: amontague@agutah.gov

*Attorneys for the Utah Board of Pardons and Parole*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **PAUL MICHAEL WACH**, <br><br> Petitioner, <br><br> v. <br><br> **THE UTAH BOARD OF PARDONS AND PAROLE, et al,** <br><br> Respondents. | **RESPONDENTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** <br><br> Case No. 2:22-CV-00048 <br><br> Judge DALE KIMBALL |

## MOTION

Respondent the Utah Board of Pardons and Parole ("Board")[1], through counsel, Amanda N. Montague, Assistant Utah Attorney General, and pursuant to Federal Rules of Civil Procedure 12(b)(1) and 28 U.S.C.A. § 2244(d)(1) moves the Court to dismiss Petitioner's claims. Petitioner fails to state a claim against the Respondent.

## LEGAL STANDARD

An inmate who is in custody based on a conviction on a state law violation cannot bring a claim for relief unless, "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.A. § 2241(c)(3). Thus, Petitioner must show that Respondent has violated his rights under the United States Constitution or other federal law.

## BACKGROUND

"In 1999, Wach was convicted of aggravated kidnapping, a first degree felony, and misdemeanor assault. The sentence for the felony conviction was an indeterminate term of ten years to life in prison. The Board has released Wach on parole six times, but he has violated the conditions of his parole each time, often by committing new crimes." Order of Affirmance, Case No, 20200640-CA, attached as Exhibit 1.

---

[1] Counsel has entered an appearance on behalf of all Respondents and brings this Motion on their behalf. However, the claims are all directed at the Utah Board of Pardons ("Board") and so the Board is referred to as "Respondent" or the "Board" throughout the Motion.

In 2012, Wach violated his parole by receiving convictions for assault and obstruction of justice. *Id*. The Board held a parole revocation hearing in December 2013 and revoked his parole. The Board did not offer him an additional parole, however. Instead, "the Board ordered additional evaluations and a set a rehearing for December 2014." *Id*. At the conclusion of Wach's hearing, the Board determined it would not offer Wach another parole. The Board set the matter for rehearing in December 2024. *Id*.

On January 25, 2022, Wach filed a Petition for Writ of Habeas Corpus with the United States District Court, District of Utah. Doc. 1. In it, he alleged:

a. His sentence exceeds the statutorily authority maximum and is ambiguous;

b. The Board violated his federal and state constitutional rights to due process by not disclosing all of the information in its file to Petitioner prior to his Board hearing and by "placing Wach in a suspect class wrongly;"

c. The Board violated his right against double jeopardy by punishing him for a parole violation that was also a new criminal conviction;

d. The Board violated his right to equal protection by treating him differently than other similarly situated inmates; and

e. The Board's decision was cruel and unusual because Petitioner's length of incarceration shocks the conscience.

# LEGAL ARGUMENT

## I. Petitioner Fails to State a Claim for Relief

Respondents are entitled to dismissal if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Maher v. Durango Metals, Inc.*, 144 F.3d 1302, 1304 (10th Cir. 1998) (quotations and citations omitted). In order to survive a motion to dismiss, the Petitioner must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). Petitioner has not stated a plausible claim for relief.

First, Petitioner must show that his *federal* constitutional rights have been violated. "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 3102, 111 L. Ed. 2d 606 (1990) But, Petitioner's due process claims and claims regarding the length of his sentence are not based on federal rights. Petitioner has no federal right to parole. *Malek v. Haun*, 26 F.3d 1013, 1016-17 (10th Cir. 1994) (holding there is "no constitutional or inherent right to receive parole prior to the expiration of a valid sentence," and Utah parole statutes do not create a liberty interest necessitating due process under the federal constitution). The Utah Supreme Court has acknowledged that Utah has deviated from federal due process when it noted, "[t]he Parole Board appears to be correct that Mr. Neese doesn't enjoy

4

federal due process protections in a discretionary parole grant hearing." *Neese v. Utah Board of Pardons and Parole*, 2017 UT 89, ¶ 36, 416 P.3d 663. Instead, the Utah Constitution requires due process in parole proceedings. *Id*. at ¶ 43. Accordingly, any due process rights Petitioner has with respect to the Board would stem from state law.

Similarly, Petitioner's raises arguments about his length of stay in the prison. Specifically, he asserts that he was entitled to release pursuant to the Utah Sentencing Guidelines and that indeterminate sentences do not give finality as to how long a person will serve. Moreover, he asserts that his length of incarceration "shocks the conscience" and is, therefore, cruel and unusual. This was addressed very recently in *Todd v. Nielson*, when the court said:

> [Length of Stay] within a valid sentence could never be a valid federal habeas claim. There is a difference between length of stay and length of sentence. The sentence was determined by the trial court at the time of conviction, not during UBPP's review of the term of service (or LOS) within the sentence. UBPP is never in a position to increase Petitioner's LOS beyond his trial-court-imposed sentence of five-years-to-life and has not done so here.
>
> Further, under the United States Constitution, Petitioner has no right to ever be considered for parole and has no right to be released before the end of his sentence--i.e., the end of his life. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). So UBPP cannot have violated the Constitution or federal law here, no matter how long it determines Petitioner should serve, up to the entire length of sentence of life in prison.

5

*Todd v. Nielson*, No. 2:19-CV-700-DBB, 2022 WL 4182256, at *3 (D. Utah Sept. 13, 2022). *Todd* also addressed assertions that indeterminate sentencing is unconstitutional, noting, "the Supreme Court has specified that indeterminate sentencing schemes are constitutional." *Id.* at *5.

Second, Petitioner fails to state a claim for a double jeopardy violation. "[N]either collateral estoppel nor double jeopardy prevents the Board from finding a parole violation even if a parolee is acquitted in a criminal proceeding." *Johns v. Shulsen*, 717 P.2d 1336 (Utah 1986).

> A parole revocation proceeding is a civil proceeding that is entirely independent of any related criminal proceeding, even if the criminal charges are based on the same facts as those on which a charge of parole violation are based. Different burdens of proof and different procedural rules apply. A reversal of a criminal conviction does not have the effect of reversing a parole revocation order based on the same facts. As stated in *Johns*, "dismissal of criminal charges on procedural grounds does not suffice to establish that a board decision to revoke parole based on the same conduct lacks sufficient evidence to support it."

*Petersen v. Utah Bd. of Pardons*, 907 P.2d 1148, 1154 (Utah 1995).

Federal law mirrors Utah's on this issue. *See, e.g., Fay v. Chester*, 08-3301-RDR, 2010 WL 9462554 (D. Kan. Aug. 25, 2010) ("The Parole Commission is not bound by an acquittal after a criminal trial because it makes its findings upon a lesser burden of proof and may consider evidence which may not be admitted in a criminal trial."); *Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir.1989) (dismissal of charges underlying a parole

6

violation warrant has been found of no consequence in the state's determination of a parole violation); *Mack v. McCune*, 551 F.2d 251, 254 (10th Cir.1977) (only if acquittal removed all factual support from the parole revocation can habeas relief be granted); *Standlee v. Rhay*, 557 F.2d 1303, 1307 (9th Cir.1977) (collateral estoppel does not bar a subsequent parole revocation after a criminal acquittal).

Petitioner believes that the only punishment he could receive for his 2012 assault and obstruction of justice convictions was that imposed by the sentencing court. But this ignores the independent authority the Board has over Petitioner as a parolee. Petitioner was on parole from a sentence with a maximum expiration of life in prison. The Board was entitled to revoke that parole and require Petitioner to serve all or part of the remaining sentence on his original conviction.

Third, Petitioner argues that he has been denied equal protection by the Board. Petitioner says, "equal protection of those similarly situated. The Board acted in an arbitrary and capricious manner. Wach was sentenced by Board an unduly harsh 149 months sentence before a re-hearing for a violation of parole." Petitioner's argument is no different than the argument made by Kelly in *Kelly v. Bigelow*. In *Kelly*, the court dismissed the petitioner's claims, saying, "Petitioner perfunctorily attributes differences in Board determinations, between himself and other offenders, to race or religion. But Petitioner's assertion is simply not supported by his factual allegations. Conclusory,

unsupported allegations fail to support a claim." *Kelly v. Bigelow*, No. 2:14-CV-312 DB, 2016 WL 1050266, at *4 (D. Utah Mar. 16, 2016). In the present case, Petitioner does not even provide other examples or statements regarding other inmates. There are no factual assertions to support a claim of denial of equal protection.

## CONCLUSION

For the foregoing reasons, the Petition must be dismissed.

DATED: November 28, 2022.

                                  OFFICE OF THE
                                  UTAH ATTORNEY GENERAL


                                  */s/ Amanda N. Montague*
                                  AMANDA N. MONTAGUE
                                  Assistant Utah Attorney General
                                  Attorney the Utah Board of Pardons and Parole

**CERTIFICATE OF MAILING**

I certify that on November 29, 2022, I electronically filed the foregoing **RESPONDENTS' MOTION TO DISMISS AND MEMORANDUM IN SUPPORT**, using the Court's ECF/CM Filing System. Additionally, I certify that a true and correct copy of the same was mailed, postage prepaid, to the following:

> Paul Wach
> Inmate #27714
> Utah State Correctional Facility
> P.O. Box 165300
> Salt Lake City, Utah 84116

*/s/ Cecilia Rojas*
Paralegal

# EXHIBIT 1

IN THE UTAH COURT OF APPEALS

---

| | |
|---|---|
| PAUL M. WACH,<br>Appellant,<br>v.<br>STATE OF UTAH, DEPARTMENT OF CORRECTIONS, AND BOARD OF PARDONS AND PAROLE,<br>Appellees. | ORDER OF AFFIRMANCE<br><br>Case No. 20200640-CA |

Before Judges Christiansen Forster, Mortensen, and Harris.

    Appellant Paul Wach appeals the district court's entry of summary judgment on his petition for extraordinary relief directed to the State of Utah, the Department of Corrections, and the Utah Board of Pardons and Parole (the Board) pursuant to rule 65B(d) of the Utah Rules of Civil Procedure. We affirm.

    In 1999, Wach was convicted of aggravated kidnapping, a first degree felony, and misdemeanor assault. The sentence for the felony conviction was an indeterminate term of ten years to life in prison. The Board has released Wach on parole six times, but he has violated the conditions of his parole each time, often by committing new crimes.

    The Board held a December 2013 parole revocation hearing after Wach's 2012 misdemeanor convictions of assault and obstruction of justice, both committed while he was out on parole. The Board revoked parole. Rather than reinstating parole for a seventh time, the Board ordered additional evaluations and set a rehearing for December 2014. During the December 2014 rehearing, Wach acknowledged that, in advance of the hearing, he received notice of the hearing as well as a packet of information containing materials the State intended to present. At the hearing, the Board provided two additional letters that had not been included in the packet of information previously provided. Wach did not want to delay the hearing to address that new material, indicating that he was prepared to go forward. The Board determined not to grant parole and set a rehearing for December 2024, and it provided Wach with a written rationale for its decision.

On May 13, 2019, the Board sent Wach a letter explaining that two items from his file had been only summarized in the packet of information provided in advance of the 2014 hearing. One was a confidential report received in September 2005 in conjunction with a parole violation report prepared by Adult Probation and Parole (AP&P). That report contained statements from a confidential informant that Wach had been involved with a murder. The Board disclosed the AP&P summary of that report to Wach that had been prepared in advance of an August 2007 parole revocation hearing. In the May 2019 letter, the Board provided more information about the confidential report, but it did not provide Wach with a copy of the full report. The second item was a copy of an email from an ex-girlfriend. It was fully disclosed to Wach in May 2019 because the ex-girlfriend had not requested confidentiality in later communications with the Board. The Board's letter advised Wach that he could provide a written response to the newly-disclosed items within fourteen days, but he failed to do so.

Instead, in August 2019, Wach filed the underlying petition for extraordinary relief pursuant to rule 65B(d) directed to the Board, the Utah Department of Corrections and the State of Utah (collectively, the State). Wach asserted that the Board violated his due process rights at hearings in 2013 and 2014 because: (1) he did not have sufficient access to the information relied upon by the Board; (2) there was no meaningful rationale for the Board's decision; (3) the Board did not provide a meaningful explanation of its decision; (4) he did not have access to an attorney; and (5) he did not have an adequate opportunity to address the Board. Wach also contended that his December 2024 rehearing date grossly exceeded the recommendations in the Utah Sentencing Commission Adult Sentencing & Release Guidelines (the Guidelines) for his 2012 convictions for misdemeanor assault and obstruction of justice.

The district court granted summary judgment in the State's favor. The district court first noted that courts cannot review the substance of the Board's parole decisions. *See* Utah Code § 77-27-5(3) (2004) ("Decisions of the board in cases involving paroles . . . are final and are not subject to judicial review.") The district court concluded that it could review the Board's actions only (1) to assure that procedural due process was not denied, *see Labrum v. Utah State Bd. of Pardons*, 870 P.2d 902 (Utah 1993), or (2) where there has been a clear abuse of the Board's discretion, *see Ward v. Smith*, 573 P.2d 781, 782 (Utah 1978). The courts address only "the fairness of the *process* by which the Board undertakes its sentencing function," and "do not sit as a panel of review on the result." *Padilla v. Utah State Bd. of Pardons*, 947 P.2d 664, 667 (Utah 1997) (cleaned up). Accordingly, the district court ruled that it could not undertake any review of the Board's decision for "fundamental fairness" beyond a review for a denial of procedural due process or clear abuse of discretion. Because Wach's sentence did not exceed the maximum term of his imprisonment and there was no evidence of unusual

2

circumstances, the district court concluded that the Board's substantive decision was not subject to judicial review.

The district court then concluded, based upon the undisputed facts, that Wach was not denied procedural due process, noting that "due process pursuant to article I, section 7 of the Utah Constitution requires that the inmate know what information the Board will be considering at the hearing and that the inmate know soon enough in advance to have a reasonable opportunity to prepare responses and rebuttal of inaccuracies." *Labrum*, 870 P.2d at 909. An inmate is also entitled to a written decision at the conclusion of the proceedings. The court determined that Wach received adequate notice and disclosure of the information relied upon by the Board. Wach had a full opportunity to participate in the hearings. The Board provided a written decision with a sufficient rationale for the decision. And he had no right to counsel in the parole proceeding. *See Neel v. Holden*, 886 P.2d 1097, 1104 (Utah 1994).

The district court also concluded that Wach had not articulated his claim of violation of equal protection guarantees nor shown that his incarceration period was cruel and unusual. The court ruled that "[t]he assertion that the Guidelines have any bearing on [Wach's] case is incorrect and not supported by any authority." The court noted that Wach could not use his rule 65B(d) petition to challenge his guilty plea and sentence in the underlying case. The court rejected an alleged Double Jeopardy claim because the Board did not add any additional time to Wach's sentence based upon his 2012 misdemeanor convictions. The request for disclosure of "cautions" and the sources of the Board's information could not be pursued under rule 65(d) and must be pursued under GRAMA, which Wach had previously done. Finally, the court concluded that the constitutionality of Utah's "sentencing structure" was resolved in *Padilla v. Utah Board of Pardons*, 947 P.2d 664, 669 (Utah 1997). Wach appeals the summary judgment.[1]

In our review of a pro se appeal taken from a summary judgment on a post-conviction petition, we "are generally lenient with pro se litigants and extend every consideration that may reasonably be indulged." *Jones v. State,* 2020 UT App 125, ¶ 19,

---

[1] The State correctly notes that Wach raises unpreserved claims in his brief. Thus, we do not review the issues of bias, the application of the Utah Administrative Rulemaking Act, and the applicability of H.B. 348 to his sentence. The district court also correctly observed that a rule 65B(d) petition cannot challenge the conviction and sentence, so such claims are not properly raised in this appeal. To the extent that the petition sought information regarding the "cautions" or the source of information used by the Board, those claims also are not proper subjects of this appeal.

3

473 P.2d 1109 (cleaned up). "But reasonable indulgence is not unlimited indulgence, and generally parties who represent themselves will be held to the same standard of knowledge and practice as any qualified member of the bar." *Id.* (cleaned up). "Pro se litigants are still required to adhere to procedural rules and the law," *id.*, and while this court is "reluctant to penalize self-represented litigants for technical rule violations, we will not assume an appellant's burden of argument and research." *Id.* ¶ 20 (cleaned up). Nevertheless, the focus is "on whether the appellant has established error, not on whether there is a technical deficiency in briefing meriting a default." *Id.* (cleaned up). We review Wach's appeal under these principles.

The Utah Constitution gives to the Parole Board's power to "grant parole ... subject to regulations as provided by statute." Utah Const., art. VII, § 12(2)(a). "In general, [d]ecisions of the Board in cases involving paroles . . . are final and are not subject to judicial review." *Blanke v. Utah Bd. of Pardons & Parole*, 2020 UT 39, ¶ 18, 467 P.3d 850 (citing Utah Code § 77-27-5(3)). However, because Utah uses an indeterminate sentencing scheme under which the district court imposes "the statutorily prescribed range of years for the offense of conviction," the Board has "unfettered discretion to fix the term of imprisonment within that range." *Id.* (cleaned up). "And because of that unfettered discretion, original parole-grant hearings are analogous to sentencing hearings, requiring due process to the extent that the analogy holds." *Id.* (cleaned up). To decide what procedures must be followed in each situation, the courts "balance the goals of (1) minimizing errors in the Parole Board's sentencing process and (2) promoting the perception of fairness with (3) ensuring the effective administration of Utah's prison and parole systems." *Neese v. Board of Pardons*, 2017 UT 89, ¶ 53, 416 P.3d 663

"The ultimate due process question is an issue of law to be reviewed for correctness." *Blanke*, 2020 UT 39, ¶ 13 (cleaned up). If the question requires application of facts to the due process standard, "we incorporate a clearly erroneous standard for the necessary subsidiary factual determinations." *Id.* (cleaned up). On summary judgment, "all factual inferences must be drawn in favor of the nonmoving party," so we review a "summary judgment on a due process issue only for correctness." *Id.* (cleaned up). However, assuming that a petitioner could establish that the district court erred in granting summary judgment on the due process claim, "he would be only eligible for, but not entitled to, extraordinary relief." *Id.* ¶ 14 (cleaned up).

Wach was serving a sentence of ten years to life for his conviction of aggravated kidnapping. To the extent that his petition sought to challenge the substance of the 2014 decision to set a rehearing for 2024, the district court correctly granted summary

4

judgment because this case does not present circumstances that would overcome the general rule that the Board's substantive decisions are not subject to judicial review.

The district court also correctly granted summary judgment on Wach's claims related to procedural due process. The record, including exhibits to the State's summary judgment motion, shows that the Board provided adequate notice and disclosure of the materials in Wach's file in advance of the 2014 hearing. It disclosed two additional letters at the hearing, but Wach elected to proceed with the hearing. He had a full opportunity to participate in the hearing, and he used that opportunity.

To the extent that Wach's claims pertain to the confidential report or the email summarized in previous Board proceedings but more fully disclosed in May 2019, Wach's claim that he would be entitled to release based upon an alleged due process violation lacks merit. The Board's May 2019 letter advised Wach that he could provide a written response to the additional disclosure, but he chose not to do so. Without determining that there was any violation of the due process right to be informed of the information relied upon by the Board, we determine that Wach's remedy would not be release but would be further process from the Board. He essentially waived that remedy and instead opted to file a rule 65B(d) petition. *See* Utah R. Civ. P. 65B(d)(D) (allowing a petition for extraordinary relief "where the Board of Pardons and Parole has exceeded its jurisdiction or failed to perform an act required by constitutional or statutory law"). The State also persuasively argues that the Board would not have granted Wach parole on five more occasions after receipt of the confidential report if it had determined that its allegations were supported.

To the extent that Wach claims that the parole decision violates the Guidelines, the district court properly granted summary judgment. Wach is serving a sentence with a maximum term of life in prison. He has been granted the privilege of parole on multiple occasions and is incarcerated as a result of his parole violations. The district court correctly ruled that the Board did not add time to his sentence and exercised its statutory authority to revoke parole based upon violations of criminal law that also constituted violations of the terms of parole.

The district court did not improperly deny Wach any right to counsel in this civil proceeding under rule 65B(d) of the Utah Rules of Civil Procedure. Although Utah Code section 78B-9-109 allows the district court, under specified circumstances, to appoint counsel in a proceeding under the Post-Conviction Remedies Act and rule 65C of the Utah Rules of Civil Procedure, Wach's rule 65B(d) petition challenging actions of the Board does not come within the purview of that statute. Furthermore, the 30-year limitation on the aggregate maximum of consecutive sentences does not apply where,

as in this case, the defendant's offense authorizes a maximum sentence of life imprisonment. *See* Utah Code § 76-3-401(6). The district court correctly rejected challenges to the constitutionality of Utah's sentencing scheme based upon settled law. Finally, to the extent that Wach's brief can be construed as raising other challenges to the summary judgment, those challenges are rejected as lacking ostensible merit.

IT IS HEREBY ORDERED that the summary judgment in favor of the State parties is affirmed.

Dated this __20__ day of July, 2021.

FOR THE COURT:

_____
Michele M. Christiansen Forster, Judge

CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2021, a true and correct copy of the foregoing ORDER was deposited in the United States mail or was sent by electronic mail to be delivered to:

PAUL M. WACH #27714
Utah State Prison
P.O. Box 250
Draper, UT 84020

SARAH E. GOLDBERG
CATHERINE JORDAN
sgoldberg@agutah.gov
cjordan@agutah.gov

THIRD DISTRICT, SALT LAKE
cheryla@utcourts.gov; julier@utcourts.gov


By: *M. Kelaidis*
Marina Kelaidis
Judicial Assistant

Case No. 20200640-CA
THIRD DISTRICT, SALT LAKE, 190906706