THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| PAUL WACH,<br><br>  Petitioner,<br><br>v.<br><br>STATE OF UTAH, et al.[1]<br><br>  Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING HABEAS PETITION**<br><br>Case No. 2:22-CV-48-DAK<br><br>District Judge Dale A. Kimball |

  In this federal habeas corpus case, *pro se* inmate Paul Wach,[2] ("Petitioner") attacks the execution of his sentence by the state of Utah for being "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.S. § 2241 (2023). Having carefully considered the parties' filings, including the Petition, (ECF No. 1); Petitioner's memorandum in support (ECF No. 2); the State's motion to dismiss and exhibits, (ECF No. 13); Petitioner's response opposing the motion to dismiss, (ECF No. 15), and the State's reply memorandum supporting the motion to dismiss, (ECF No. 15), the Court grants the State's motion to dismiss for failure to state a claim upon which relief can be granted. The Petition is therefore dismissed with prejudice.

---

[1] Petitioner must clearly name his custodian (warden or ultimate supervisor of imprisonment facility) as the respondent. R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. The Court therefore assumes Petitioner means Respondent is Central Utah Correctional Facility Warden Robert Powell.

[2] Because Petitioner is *pro se*, his pleadings must be construed liberally. *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, this requirement does not obligate the Court to form arguments for him or excuse compliance with procedural rules. *Id*.

# I. BACKGROUND

Petitioner is currently serving an indeterminate sentence of ten years to life in state prison stemming from a 1999 conviction of aggravated kidnapping. The Utah Court of Appeals has provided the following summary of the circumstances of Petitioner's incarceration:

> In 1999, [Petitioner] was convicted of aggravated kidnapping, a first degree felony, and misdemeanor assault. The sentence for the felony conviction was an indeterminate term of ten years to life in prison. The Board has released [Petitioner] on parole six times, but he has violated the conditions of his parole each time, often by committing new crimes.
> The Board held a December 2013 parole revocation hearing after [Petitioner's] 2012 misdemeanor convictions of assault and obstruction of justice, both committed while he was out on parole. The Board revoked parole. Rather than reinstating parole for a seventh time, the Board ordered additional evaluations and set a rehearing for December 2014. During the December 2014 rehearing, [Petitioner] acknowledged that, in advance of the hearing, he received notice of the hearing as well as a packet of information containing materials the State intended to present. At the hearing, the Board provided two additional letters that had not been included in the packet of information previously provided. [Petitioner] did not want to delay the hearing to address that new material, indicating that he was prepared to go forward. The Board determined not to grant parole and set a rehearing for December 2024, and it provided [Petitioner] with a written rationale for its decision.
> On May 13, 2019, the Board sent [Petitioner] a letter explaining that two items from his file had been only summarized in the packet of information provided in advance of the 2014 hearing. One was a confidential report received in September 2005 in conjunction with a parole violation report prepared by Adult Probation and Parole (AP&P). That report contained statements from a confidential informant that [Petitioner] had been involved with a murder. The Board disclosed the AP&P summary of that report to [Petitioner] that had been prepared in advance of an August 2007 parole revocation hearing. In the May 2019 letter, the Board provided more information about the confidential report, but it did not provide [Petitioner] with a copy of the full report. The second item was a copy of an email from an ex-girlfriend. It was fully disclosed to [Petitioner] in May 2019 because the ex-girlfriend had not requested confidentiality in later communications with the Board. The Board's letter advised [Petitioner] that he could provide

2

> a written response to the newly-disclosed items within fourteen
> days, but he failed to do so.

Order of Affirmance, Case No, 20200640-CA, (ECF No. 13, at 12.) *cert. denied Wach v. Utah,* Case No. 20210686-SC (Utah). Petitioner now seeks federal relief from the Board's decision that Petitioner remain incarcerated until his next rehearing in 2024.

## II. ISSUES

Petitioner challenges the procedures the Utah Board of Pardons and Parole has employed in determining his length of stay within his sentence. Petitioner potentially raises six grounds for relief under the Fifth, Eighth and Fourteenth Amendments of the United States Constitution, as well as various provisions of Utah law: (1) The Board violated Petitioner's right to equal protection by sentencing him more harshly than similarly situated inmates and to a term inconsistent with the statutory guidelines in Utah Code section 77-27-11(6)(c); (2) The Board violated Petitioner's Constitutional rights to due process by failing to disclose all of the information considered in his parole revocation hearing; (3) The Board acted with bias and prejudice in Petitioner's parole revocation hearing by considering unfounded and undisclosed information which placed him in a "suspect class"; (4) The Board's parole revocation was cruel and unusual because Petitioner's length of incarceration shocks the conscience; (5) The Board's parole revocation violates the terms of Petitioner's 2012 misdemeanor plea agreement; and (6) The Board's parole revocation resulted in a term of imprisonment in excess of the thirty-year maximum for combined sentences set forth in Utah Code section 76-3-401.

## III. STANDARD OF REVIEW

Section 2241 reads in pertinent part: "The Writ of habeas corpus shall not extend to a prisoner unless … [h]e is in custody in violation of the Constitution or laws or treaties of the

3

United States." 28 U.S.C.S. § 2241(c)(3) (2023). "Petitions under § 2241 are used to attack the execution of a sentence, in contrast to § 2254 … proceedings, which are used to collaterally attack the validity of a conviction and sentence." *McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Under the United States Constitution, Petitioner has no right to parole and no right to be released before the end of his sentence. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). The "Utah parole statute does not create a liberty interest entitling [an inmate] to due process protection under the Fifth and Fourteenth Amendments of the United States Constitution." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994). "Because Utah prisoners have no legitimate entitlement to parole prior to the completion of their sentence, neither the denial of parole nor the lack of enforceable parole guidelines can constitute cruel and unusual punishment, double jeopardy, or ex post facto application of the law." *Malek,* 26 F.3d at 1016.

The United States Supreme Court has "stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990)). The Supreme Court has repeatedly emphasized "that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle*, 502 U.S. at 67-68 (citing 28 U.S.C.S § 2241 (2023)). Thus, any of Petitioner's claims--based on alleged state-law violations--do not raise federal challenges; and federal habeas review of state-law-based claims is therefore unwarranted. *See Larson v. Patterson*, 2:09-CV-989-PMW, 2011 U.S. Dist. LEXIS 3831, *5-6, 2011 WL 129485 (D. Utah Jan. 14, 2011) ("Petitioner's first argument that the trial court should have …

4

dismissed the charges against him is based entirely on state law. … Therefore, this Court will not further consider this state-law-based argument."); see also *Scott v. Murphy*, 343 F. App'x 338, 340 (10th Cir. 2009) (rejecting petitioner's claim that "involve[d] purely matters of state law").

A motion to dismiss may be granted when the petition has "failed to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). All well-pleaded facts, as distinguished from conclusory allegations, are accepted as true, and those facts are viewed in the light most favorable to the non-moving party. *Beedle v. Wilson*, 422 F.3d 1059, 1063 (10th Cir. 2005). To survive a motion to dismiss, a petition must present factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). This review contemplates the assertion of "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Thus, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. *Id* at 558.

A *pro se* petition must be broadly construed under this standard. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, the generous construction to be given the *pro se* litigant's allegations "does not relieve the [petitioner] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir. 1997) (holding courts "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf"). A court evaluating a Rule 12(b)(6) motion to dismiss may consider the petition as well as any documents attached to it as exhibits. *Hall*, 935 F.2d at 1112.

## IV. ANALYSIS

**A. Petitioner Has No Federal Right to Be Released Prior to the End of his Life Sentence**

All of Petitioner's claims relate to the Board's determination of his length of stay within his indeterminate ten-years-to-life sentence. Petitioner does not here contest the legality of his conviction for aggravated kidnapping in 1999. Nor does Petitioner dispute that he was sentenced to an indeterminate term of ten years to life. Rather, Petitioner challenges the Board's decision to revoke parole and schedule a rehearing in 2024, fixing a minimum length of stay more than ten years after his most recent parole revocation.

Petitioner contends that the Board's revocation of parole was inconsistent with the statutory guidelines in Utah Code section 77-27-11(6)(c) and resulted in a term of imprisonment in excess of the thirty-year maximum for combined sentences set forth in Utah Code section 76-3-401. Neither of these alleged violations are cognizable violations of Petitioner's federal rights.

Length of stay within a valid sentence could never be a valid federal habeas claim. There is a difference between length of stay and length of sentence. The sentence was determined by the trial court at the time of conviction, not during the Board's review of the term of service within the sentence. The Board is never authorized to increase Petitioner's length of sentence beyond his trial-court-imposed sentence of ten years to life and has not done so here. Further, under the United States Constitution, Petitioner has no right to ever be considered for parole and has no right to be released before the end of his sentence--i.e., the end of his life. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979).

Petitioner was sentenced to an indeterminate term of ten years to life in 1999. The Board exercised its discretion under state law to grant Petitioner conditional release six times. All six times, Petitioner violated the conditions of his release. The Board is under no federal obligation

6

to offer Petitioner parole, let alone to grant a seventh parole after six violations. The Board's exercise of its discretion under Utah law and the conditions of Petitioner's parole are questions of state law, which this court is not in position to review. *See Estelle*, 502 U.S. at 67-68 (citing 28 U.S.C.S § 2241 (2023)). So, the Board cannot have violated the United States Constitution or federal law here, no matter how long it determines Petitioner should serve, up to the maximum term of Petitioner's sentence of life in prison. *See Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

### B. Petitioner Has Failed to Present a Violation of His Federal Equal Protection Rights

Likewise, Petitioner has failed to adequately plead any claims based on federal equal protection rights. The Petition contains only conclusory and speculative allegations. Petitioner has not provided this court with any comparisons of similarly situated individuals. For example, Petitioner has failed to present this court with any evidence of how the Board exercised its discretion for other inmates who repeatedly violated the terms of conditional release from indeterminate life sentences.

### C. Petitioner Fails to Adequately Plead a Violation of his Federal Due Process Rights

The Board's procedures in Petitioner's revocation hearings are not cognizable issues of federal law because Petitioner has no federal right to parole. Regardless of whether the Board violated Petitioner's right to due process under Utah law by failing to provide full disclosure of information considered in a parole revocation, Petitioner has no such rights under federal law. *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) ("Utah parole statute does not create a liberty interest entitling [an inmate] to due process protection under the Fifth and Fourteenth Amendments of the United States Constitution. ").

### D. Petitioner Fails to Adequately Plead a Violation of his 2012 Plea Agreement

Petitioner contends that the Board's revocation of his parole violates the terms of his 2012 misdemeanor plea agreement. Even if Petitioner had a cognizable federal right to parole, Petitioner has not offered this court with any evidence that his plea agreement assured him that his parole would not be revoked as a result of the 2012 convictions. Therefore, Petitioner fails to adequately plead a violation of that agreement.

### IV. CONCLUSION

Petitioner's claims fail to state a claim upon which relief can be granted by federal courts.

It is therefore **ORDERED** that Respondent's motion to dismiss is **GRANTED.** Petitioner's action **DISMISSED WITH PREJUDICE**.

It is also **ORDERED** that a certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 28th day of August 2023.

BY THE COURT

_____
JUDGE DALE KIMBALL
United States District Court